IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

     Plaintiff,

v.                                       CASE NO. 1:13-cv-38-MCR-GRJ

MILTON H. BAXLEY, II,
SANDRA G. BAXLEY,
ALACHUA COUNTY, FLORIDA, and
CITY OF GAINESVILLE, FLORIDA,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

     Pending before the Court is Defendant Milton H. Baxley, II's Motion to Dismiss

for Lack of Jurisdiction.  (Doc. 5.)  Plaintiff, the United States, filed a Response in

Opposition (Doc. 8) and, therefore, the motion is ripe for review.  For the reasons

discussed below, it is recommended that the motion to dismiss be **DENIED.**

## I. Background

     On February 22, 2013, the United States filed this lawsuit to reduce to judgment

the unpaid federal income tax liabilities assessed against Defendant for the years 1995

through 1999 and to collect the unpaid federal income taxes by foreclosing the federal

tax liens on Defendant's real property. The United States alleges in the Complaint that

Defendant failed to file federal income tax returns for these five years (Doc. 1, p. 2)

resulting in total income tax liabilities of $1,525,152.07 plus interest and statutory

additions thereon. (Doc. 1, pp. 3-5.) Federal tax liens for the unpaid federal income

taxes attach to all property and rights to property belonging to Defendant, including the

Defendant's subject property described in the Complaint. (Doc. 1, pp. 2, 6.)

Defendant responded by filing a Motion to Dismiss for Lack of Jurisdiction raising a number of specious arguments and challenges, many of which are typically asserted by tax-defiers.

## II. <u>Standard of Review</u>

For the purposes of the motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g.*, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), *Jackson v. Okaloosa County, Fla.,* 21 F. 3d 1532, 1534 (11th Cir. 1994). The Court must limit its consideration to the complaint and written instruments attached as exhibits. FED. R. CIV. P. 10(c); *GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993).

"Factual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. <u>Discussion</u>

### *<u>A. Statutes of Limitations</u>*

Defendant first claims the three-year statute of limitations period for assessing a tax expired prior to the date of the assessment of the tax liabilities alleged in the Complaint. (Doc. 5, p. 1.) This three-year statutory period for assessment applies to the

date the return was filed. 26 U.S.C. § 6501(a). In the case of failure to file a return – as is the situation in this case – the tax may be assessed at any time. 26 U.S.C. § 6501(c)(3). Because it is alleged that Defendant did not file a return for any of the five years in question, the three-year statute of limitations is not applicable here.

Defendant also claims the ten year statute of limitations for collection of a tax expired prior to Plaintiff's filing this action to collect the tax. Defendant's argument is incorrect and ignores the fact that the taxes in this case were assessed well within the ten year period. Pursuant to 26 U.S.C. § 6502(a) the United States may collect an assessed tax by levy or proceeding in court if the levy is made or the proceeding begun within ten years after the assessment of the tax. The operative date triggering the statute is the assessment of the tax and not the tax year in question. The assessment in this case occurred in August 2009, well within the applicable ten year statute of limitations.

### *B. Authorization by Secretary of the Treasury and Attorney General*

Defendant also contends the Complaint should be dismissed because it fails to allege that the Secretary of the Treasury authorized the action and that the Attorney General directed that the action be commenced. This argument is incorrect. Paragraph 2 of the Complaint clearly includes these statements, as required by 26 U.S.C. § 7401. (Doc. 1, p. 1.) Accordingly, Defendant's argument has no merit.

### *C. Homestead Property*

Defendant argues that the real property to which the federal tax lien attaches is his homestead property, co-owned with his wife, Defendant Sandra G. Baxley, as tenants by the entirety, and thus exempt from forced sale. While homestead property

may be exempt from execution by other creditors, homestead property is not exempt from execution by the IRS. The Supreme Court has held that federal tax collection laws preempt any state-created homestead exemptions. *United States v. Rodgers*, 461 U.S. 677, 701 (1983). Thus, a delinquent taxpayer's interest in property owned as a tenant by the entirety is not exempt from a federal tax lien, and a federal tax lien may be foreclosed by judicial sale of homestead property. *United States v. Craft*, 535 U.S. 275, 288 (2002).

Moreover, if there was any question on the issue, the provision of the Florida Constitution establishing the homestead exemption expressly excepts judgments for the "payment of taxes and assessments thereon" from the homestead exemption. Fla. Const. art. 10, § 4(a). Accordingly, as a matter of law the United States is not precluded from foreclosing the tax liens on Defendant's home, even though the property may be owned as tenants by the entireties and may constitute homestead property.

### D. Jurisdictional Arguments

Lastly, the Defendant raises a number of specious tax-defier arguments including challenges to the Court's personal jurisdiction, subject-matter jurisdiction, and territorial jurisdiction over the real property to which the federal tax liens are attached. These types of challenges routinely have been rejected by other courts in cases where tax-defiers have attempted to resist the United States' efforts to collect income taxes.

For example, Defendant's argument that the United States has no jurisdiction over his real property because it is located in the exclusive jurisdiction of Florida State is frivolous. Courts across the board have rejected arguments by taxpayers that the taxpayer is not subject to federal taxation because the taxpayer is a citizen of the state

in which he resides and not a citizen of the United States.[1] Similarly, Defendant's claim

that federal income tax is unconstitutional as an unapportioned direct tax is without

merit and has been rejected by all courts that have considered the issue.[2]

---

[1]*See, e.g., United States v. Korman*, 388 F. App'x 914, 915-16 (11th Cir. 2010) (rejecting jurisdictional arguments)*; United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting contention that taxpayers are "Free Citizens of the Republic of Minnesota" and therefore not subject to federal taxation); *Stoecklin v. Commissioner*, 865 F.2d 1221, 1223-24 (11th Cir. 1989) (denying as frivolous that individual was not subject to federal income tax because he was a "freeborn and sovereign" person and that the tax court lacked jurisdiction); *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987) (finding "utterly without merit" the contentions that the United States only has jurisdiction over Washington, D.C., the federal enclaves in the states, and the territories and possessions of the United States and that the Internal Revenue Code only applies to individuals in this jurisdiction); *McNair v. Eggers*, 788 F.2d 1509, 1510 (11th Cir. 1986) (awarding attorney's fees and double costs for frivolous appeal asserting tax protestor type arguments including that the Internal Revenue Service has no jurisdiction over the defendant and that defendant is not a person subject to tax); *Sands v. United States*, No. 94-0537-CIV, 1995 WL 552308, at *6-7 (S.D. Fla. June 19, 1995) (rejecting argument that individual is not subject to federal income taxes as a nonresident alien since he is a sovereign citizen of New York and any other state in which he lives)*; and McKinney v. Regan*, 599 F. Supp. 126, 129 (M.D. La. 1984) ("Petitioner's shield of the "Common Law" as an "Unenfranchised Sovereign Individual of the United States of America, a Republic," provides him with precisely the same degree of protection from federal income taxation as did the Ghost Dance of the Sioux warrior from the repeating rifles of the federal Calvary—ZERO.").

[2] *See, e.g.*, *United States v. Maggi*, No. 98-5570, 1999 WL 96651, at *2 (6th Cir. Feb. 5, 1999) (noting that the argument that the federal income tax is unconstitutional because it is a direct, unapportioned tax "has been raised and rejected for decades")*; Gerads*, 999 F.2d at 1256 (noting that on numerous occasions the court has rejected the argument that the federal income tax is an unconstitutional direct tax that must be apportioned)*; and Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (denying as "completely lacking in legal merit and patently frivolous" the arguments that individuals are not "persons" subject to taxation under the Internal Revenue code; the authority of the United States is confined to the District of Columbia; the income tax is a direct tax which is invalid absent apportionment; the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; no statutory authority exists for imposing an income tax on individuals; and the term "income" as used in the tax statutes is unconstitutionally vague and indefinite).

Accordingly, Defendant's assertion that the Court does not have jurisdiction (territorial or otherwise) over the real property or over the subject matter of this suit has no legal merit and is nothing more than an attempt to delay the progress of this case and therefore is due to be rejected summarily.

### IV.  Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, Doc. 5, should be **DENIED** and the Defendant should be ordered to file an answer to the Complaint within 14 days of the date of the Court's order denying the motion to dismiss.

**IN CHAMBERS** in Gainesville, Florida this 22nd  day of May, 2013.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.