IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                   CASE NO. 1:13-cv-38-MCR-GRJ

MILTON H. BAXLEY, II, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Doc. 29, Plaintiff's Motion to Dismiss Counterclaim. Plaintiff has filed a response to the Motion to Dismiss Counterclaim. (Doc. 30.) For the reasons discussed below, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Dismiss Counterclaim (Doc. 29) be **GRANTED**.

## I. BACKGROUND

On February 22, 2013, the United States filed this lawsuit to reduce to judgment the unpaid federal income tax liabilities assessed against Defendant for the years 1995 through 1999 and to collect the unpaid federal income taxes by foreclosing the federal tax liens on Defendant's real property. The United States alleges in the Complaint that Defendant failed to file federal income tax returns for these five years (Doc. 1, p. 2) resulting in total income tax liabilities of $1,525,152.07 plus interest and statutory additions thereon. (Doc. 1, pp. 3-5.) Federal tax liens for the unpaid federal income taxes attach to all property and rights to property belonging to Defendant, including the Defendant's subject property described in the Complaint. (Doc. 1, pp. 2, 6.)

Defendant has asserted two counterclaims. In Count I, Defendant alleges a

number of harms arising primarily from a previous suit by the United States against Plaintiff. Defendant seeks damages, together with interest, court costs, and attorney's fees, against the United States in connection with this conduct. In Count II, Baxley seeks an injunction to stop the United States from collecting his tax debts.

## II. DISCUSSION

In its Motion to Dismiss, the United States contends that Defendant Milton Baxley's (hereafter "Defendant") counterclaims should be dismissed because this Court lacks subject matter jurisdiction over Defendant's claims, citing the sovereign immunity of the United States and the absence of any waiver of that immunity. The United States further argues that to the extent Defendant seeks damages for wrongful collection under § 7433 of the Internal Revenue Code, his claim is time-barred.

Defendant contends that his claims are compulsory counterclaims for which the United States is subject to jurisdiction as a result of instituting its action against him; that jurisdiction for his claim for damages is provided for by the Federal Tort Claims Act (FTCA); and that jurisdiction for his claim for injunctive relief is provided by § 7214 of the Internal Revenue Code and Title 5 U.S.C. § 703.

For the reasons discussed below, Defendant's counterclaims are due to be dismissed for lack of subject matter jurisdiction.

### A. Sovereign Immunity

The United States, as a sovereign, is immune from suit "save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Where the United States has consented to be sued, the extent of a court's jurisdiction is limited to that indicated by the terms of the consent. *Id.* This restriction applies to counterclaims as

well as original actions. *United States v. Timmons*, 672 F.2d 1373, 1378 (11th Cir.

1982). By instituting an action, the United States waives immunity only

> as to the claims of the defendant which assert matters in recoupment-
> arising out of the same transaction or occurrence which is the subject
> matter of the government's suit, and to the extent of defeating the
> government's claim but not to the extent of a judgment against the
> government which is affirmative in the sense of involving relief different in
> kind or nature to that sought by the government or in the sense of
> exceeding the amount of the government's claims.

*Timmons*, 672 F.2d at 1379-80 (quoting *Frederick v. United States*, 386 F.2d 481, 488

(5th Cir. 1967)). Thus, in instituting an action, the United States does not waive

immunity as to claims which do not arise out of the same transaction or occurrence, nor

as to claims of a different form or nature than that sought by it as plaintiff, nor as to

claims exceeding in amount that sought by it as plaintiff.

Although Defendant asserts that his claims are compulsory counterclaims, most

of the claims in Count I relate to alleged tortious conduct in earlier proceedings and

other collection efforts and, therefore, do not arise out of the same transaction or

occurrence that is the subject of current proceeding against him. Furthermore,

Defendant seeks damages, together with interest, court costs, and attorney's fees, for

the claims contained in Count I. Such relief goes beyond merely defeating the

government's claim and is also different in nature from the relief sought by the

government. Thus, the claims contained in Count I are not within the scope of those

claims for which the United States waived immunity by initiating this action.

Likewise, the United States has not waived sovereign immunity as to Count II of

Defendant's counterclaim, which seeks to enjoin the United States from collecting his

tax debts.  The relief defendant seeks–injunctive relief–is different in kind and nature than the monetary judgment and foreclosure the United States seeks.  *Timmons*, 672 F.2d at 1379-80.

### B.  Federal Tort Claims Act

Defendant argues that subject-matter jurisdiction over his claims is provided by the Federal Tort Claims Act (FTCA). The FTCA provides a partial waiver of the federal government's sovereign immunity. The extent and limits of this waiver are provided by the Act's express exceptions. *See* 28 U.S.C. §§ 1346, 2671–80. Among these, the FTCA specifically excludes "[a]ny claim arising in respect to the assessment or collection of any tax . . ." 28 U.S.C. § 2680(c).  "Section 2680(c) has been interpreted broadly by the courts to preclude suits for damages arising out of the alleged tortious activities of IRS agents when those activities were in any way related to the agents' official duties."  *Pace v. Platt*, 2002 WL 32098709 (N.D. Fla. Sept. 10, 2002) (quoting *Capozzoli v. Tracey,* 633 F. 2d 654, 658 (5th Cir. 1981)). As Defendant's claims clearly fall within this exception to the FTCA's waiver of sovereign immunity, the FTCA provides no basis for subject matter jurisdiction over Defendant's claims.

### C.  26 U.S.C. § 7433

To the extent Defendant intended to assert a counterclaim for wrongful collection under  § 7433 of the Internal Revenue Code, such a claim also fails.  Section 7433 provides a taxpayer a cause of action for damages "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence,

disregards any provision of this title, or any regulation promulgated under this title."

Although in his Response Defendant states that he is not invoking 26 U.S.C. § 7433,

the Government correctly points out that any such claim would be time-barred by the

limitations period for bringing an action under this Section. An action under § 7433 must

be brought within two years after the date the right of action accrues. 26 U.S.C.A. §

7433(d).

Because § 7433 is a statutory waiver of sovereign immunity, this court must

strictly observe the limitations and conditions of that statute – exceptions to the

limitations and conditions of such statutes are not to be implied. *Soriano v. United

States*, 352 U.S. 270, 275–76 (1957). Congress is "entitled to assume that the limitation

period it prescribed meant just that period and no more." *Id.* at 276. Section 7433

clearly sets forth a two-year period of limitations, and neither this court nor the taxpayer

may enlarge that period beyond what Congress has prescribed. *See First Nat'l Bank v.

United States*, 226 F.Supp. 166, 168 (S.D.Fla.1963), *aff'd*, 341 F.2d 737 (5th Cir.1965).

"Unlike general statutes of limitation which govern independently existing causes of

action between private parties," the timeliness requirement under statutes that waive

sovereign immunity "is not procedural, or 'remedial,' but jurisdictional." *Kreiger v. U. S.*,

539 F.2d 317, 321 (3d Cir. 1976).

Apart from the instant action to reduce to judgment Defendant's unpaid tax

liabilities and to foreclose upon his real property, the most recent actions by the United

States described by Defendant in Count I of his counterclaim took place in 2009.

Defendant filed his counterclaim on July 15, 2013. Thus, to the extent Defendant is

alleging a violation of § 7433 with respect to any collection action other than the instant

case, that claim is untimely and this court has no jurisdiction over it.

To the extent that Defendant is alleging a violation of § 7433 with respect to the instant action against him, which was filed on February 22, 2013, his allegations are insufficient to state a claim for relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. Defendant asserts vaguely that the taxes imposed on him and the Government's efforts to collect those taxes are "contrary to the Constitution and the law." This, however, is not sufficient to make his claim facially plausible, particularly given that § 7433 provides a remedy for improper *collection* activities, and not for improper assessment of taxes. *See Sande v. United States*, 323 F. App'x 812, 814–15 (11th Cir. 2009) (holding that § 7433 provides a remedy only for improper collection activities, not for an improper assessment of taxes, and finding that plaintiffs failed to state a claim under § 7433 where they did not allege that the filing of a Notice of Federal Tax Lien failed to conform to the procedures outlined in the code and regulations). Defendant has not pointed to a single provision of the Internal Revenue Code that the Government has violated in its collection activities against him. Thus, he has clearly failed to meet his pleading burden.

### D. Injunctive Relief

Defendant, in Count II of his counterclaim, seeks a permanent injunction enjoining the Government from taking any further action against him. As discussed above, the Government does not waive sovereign immunity as to counterclaims that seek relief that is different in kind or nature from that sought by the Government. Defendant's counterclaims in Count II are in the nature of an independent action in equity, and affirmative relief is being sought. The United States by bringing this action to

foreclose on its tax lien, therefore, has not waived its immunity as to defendants' counterclaim for injunctive relief.

Moreover, the Anti–Injunction Act provides that, except for certain enumerated exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). In addition to the statutory exceptions found in the Act—which are not applicable here—federal courts may enjoin the collection of taxes, but only if it can be shown that (1) under no circumstances could the government ultimately prevail on its tax claim, and (2) equity jurisdiction otherwise exists due to a threat of irreparable harm without an adequate legal remedy. *Bufkin v. United States*, 522 F. App'x 530, 532 (11th Cir. 2013) *cert. denied*, 13-331, 2013 WL 5212241 (U.S. Oct. 21, 2013) (citing *Mathes v. United States,* 901 F.2d 1031, 1033 (11th Cir.1990)). This exception also does not apply, as Defendant has failed to show that there is no way the government could succeed on its tax claim. Thus, an injunction to restrain the collection of Defendant's unpaid tax liabilities is prohibited by the Anti-Injunction Act.

### III. RECOMMENDATION

In light of the foregoing it is respectfully **RECOMMENDED** that the United States' Motion to Dismiss Counterclaim (Doc. 29) should be **GRANTED**.

**IN CHAMBERS** at Gainesville, Florida this 27th day of November, 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**