IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                          Case No: 1:13-cv-38-MCR-GRJ

MILTON H. BAXLEY II, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court are: (1) The United States' Motion For Summary Judgment (Doc. 39) to which Defendant has filed an opposition memorandum (Doc.45) and affidavit (Doc. 44), and (2) Defendant Milton H. Baxley II's Motion For Summary Judgment (Doc. 43) to which the United States has filed a memorandum in opposition (Doc. 46). The motions are therefore ripe for review. For the reasons discussed below, the United States' Motion for Summary Judgment is due to be granted and Defendant Milton H. Baxley II's Motion for Summary Judgment is due to be denied.

## BACKGROUND

On February 22, 2013, the United States filed this lawsuit to reduce to judgment the unpaid federal income tax liabilities assessed against Defendant Milton H. Baxley II (hereafter "Baxley") for the years 1995 through 1999 and to collect the unpaid federal income taxes by foreclosing the federal tax liens on Defendant's real property. The Court previously denied Baxley's motion to dismiss for lack of jurisdiction (Doc. 5), rejecting his arguments that the suit was barred by the statute of limitations; improperly

pled; that his homestead property was exempt from foreclosure; and several other challenges to the Court's jurisdiction. (Docs. 16, 18.) The Court has also granted the United States' motion to dismiss Baxley's counterclaims (Doc. 29), wherein Baxley sought damages and an injunction preventing the United Stats from collecting his tax debts. (Docs. 37, 41.)

The material undisputed facts of record disclose the following details. Baxley did not file a valid federal tax return for the tax years 1995, 1996, 1997, 1998, and 1999. (Doc. 39, Exhs. A-C to the United States' Motion for Summary Judgment (hereafter "U.S. Exhs." .)[1] The Internal Revenue Service (IRS) calculated Baxley's tax liability for 1995-1999 using Baxley's bank, personal, and business records. (U.S. Exh. A, at Exhs. 1-3.) The IRS determined that Baxley did have taxable income for each year in question. On March 25, 2009, the IRS sent Baxley a notice of deficiency detailing the proposed assessments and advising Baxley that he had 90 days to file a petition with U.S. Tax Court for a redetermination of deficiency. (U.S. Exh. A. at Exh. 3.) Baxley did not take any action to challenge the notice of deficiency in Tax Court. (U.S. Exh. B. ("Defendant Milton H. Baxley II's Amended Reply to First Request for Admissions").)

Because Baxley did not challenge the notice of deficiency in Tax Court, a

---

[1] Baxley maintains that he had no taxable income for the years 1995, 1996, 1997, 1998, or 1999. Baxley filed a Form 1040 for 1995 but stated that he had $327,637.98 income but adjusted his income to "0", citing the $327,637.98 as non-taxable income pursuant to Eisner v. Macomber, 252 U.S. 189. The IRS did not treat the 1040 as a valid tax return.

*Case No: 1:13-cv-38-MCR-GRJ*

representative of the Secretary of the Treasury assessed against Baxley income tax, penalties and interest for the 1995, 1996, 1997, 1998 and 1999 tax years for the following amounts. (U.S. Exh. A, at Exh.1.)  On August 24, 2009, Baxley was assessed tax, interest, and penalties as follows:

**Tax Year 1995:**
| | |
|---|---|
| Income Tax | $140,966.00 |
| Estimated Tax Penalty | $7,695.54 |
| Fraudulent Failure to File Penalty | $102,200.35 |
| Failure to Pay Tax Penalty | $35,241.50 |
| Interest | $374,732.51 |

**Tax Year 1996:**
| | |
|---|---|
| Income Tax | $76,479.00 |
| Estimated Tax Penalty | $4,070.63 |
| Fraudulent Failure to File Penalty | $55,447.28 |
| Failure to Pay Tax Penalty | $19,119.75 |
| Interest | $175,146.37 |

**Tax Year 1997:**
| | |
|---|---|
| Income Tax | $80,480.00 |
| Estimated Tax Penalty | $4,335.49 |
| Fraudulent Failure to File Penalty | $58,348.00 |
| Failure to Pay Tax Penalty | $20,120.00 |
| Interest | $156,621.81 |

**Tax Year 1998:**
| | |
|---|---|
| Income Tax | $29,909.00 |
| Estimated Tax Penalty | $1,357.52 |
| Fraudulent Failure to File Penalty | $21,684.03 |
| Failure to Pay Tax Penalty | $7,477.25 |
| Interest | $50,015.11 |

**Tax Year 1999:**
| | |
|---|---|
| Income Tax | $17,164.00 |
| Estimated Tax Penalty | $824.34 |
| Fraudulent Failure to File Penalty | $12,443.90 |
| Interest | $24,819.31 |

(Id.)

As a consequence of the August 24, 2009, tax assessment, a federal tax lien arose and attached to property owned by Baxley and his wife, Defendant Sandra Baxley, as joint tenants by the entirety. (U.S. Exh. A, at Exh. 6.) The property is located in Alachua County at 4610 N.W. 13th Avenue, Gainesville, Florida. (<u>Id.</u>) In order to record the federal tax lien on Baxley's property in Alachua County, Florida, the IRS on October 29, 2009 prepared a a Notice of Federal Tax Lien ("NFTL") which was recorded in the public records of Alachua County on November 9, 2009. (U.S. Exh. A. at Exh. 7.)

Baxley has failed to pay the assessed tax liability, penalties and assessments for the 1995-1999 tax years. (U.S. Exh. A.) According to the IRS, as of December 5, 2013, the total amount of Baxley's assessed unpaid federal income tax liability for the 1995-1999 tax years is the sum of $1,515,408.19, plus further interest and statutory additions thereon as allowed by law. (U.S. Exh. A, at Exh. 4.) The United States and Baxley have filed cross-motions for summary judgment. (Docs. 39, 46.)

## II. <u>SUMMARY JUDGMENT STANDARD</u>

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the non-moving party." <u>Samples on Behalf of Samples v. Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988). As the

Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987).  The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.

### III.  DISCUSSION

**A.  Reducing to judgment Baxley's unpaid tax liabilities**

The United Sates first requests that the Court reduce to a judgment the tax assessments against Baxley for the tax years 1995-1999. "A tax assessment is an administrative determination by the IRS of a tax liability, and it is the first necessary step towards attempting to collect on that liability." United States v. Charboneau, No. 5:04-cv-442-oc-10GRJ, 2006 WL 2346280, *3 (M.D. Fla. July 18, 2006) (citing 26 U.S.C. § 6213(a)).  In support of its motion for summary judgment, the United States has submitted copies of Baxley's IRS account transcripts for each of the tax years at issue, (U.S. Exh. A, at Exh. 1);  the notice of deficiency that details the assessments for 1995 through 1999 (Id. at Exh. 3);  and the declaration of Ken Colt, a revenue officer for the IRS who attests to the assessments described above (U.S. Exh. A.)

"[I]n order to have a valid assessment, the documentation provided by the IRS need only state the taxpayer's identity, the character of the liability assessed, the

taxable period, and the date and amount of the assessment." United States v. Charboneau, Case No. 5:04-cv-442-oc-10GRJ, 2005 WL 2346947, at *4 (M.D. Fla. Sept. 26, 2005) (citing 26 C.F.R. § 301.6203-1; United States v. Chila, 871 F. 2d 1015, 1019 (11th Cir. 1989)).  This information is set forth in the transcripts attached to the United States' motion for summary judgment.  (U.S., Exh. A, at Exh. 1.)  The transcripts are authenticated by an officer of the IRS who attests that the records are kept in the regular course of business by the IRS.  (Id.)  Each year's account transcript identifies Baxley by name and Social Security number, identifies the relevant taxable period, notes that the assessments pertain to Form 1040 or 1040A, and indicates the amounts assessed on August 24, 2009.  The transcripts also reflect that notice was issued on August 24, 2009.  (Id.)  Mr. Colt further attests that on August 24, 2009, a delegate of the Secretary of the Treasury assessed federal income tax, interest, and penalties against Baxley for each of the tax years at issue.  (U.S., Exh. A.)  Mr. Colt attests that notice of these assessment and demands for payment were made upon Baxley, but he has failed and refused to pay the entire amount.  (Id.)

Because the United States has established that the assessment is valid through its submission of the notice of deficiency, tax transcripts, and declaration of Mr. Colt, the burden  shifts to Baxley to prove that the assessment is arbitrary or incorrect.  See United States v. White, 466 F. 3d 1241, 1248 (11th Cir. 2006) (citing Stallard v. United States, 12 F. 3d 489, 493 (5th Cir. 1994)).  In his response in opposition and in his cross-motion for summary judgment, Baxley raises the same arguments previously raised and rejected in this case.  (Docs. 5, 16, 18, 29, 37, 41.)  For the reasons

previously articulated by the Court, Baxley's claims that the he had no taxable income for the tax years in question; that the federal income tax is unconstitutional as an unapportioned direct tax; that the Government's action is barred by the statute of limitations; and that his home is not subject to sale because it is a homestead property, are all without merit.   (*Id.*)

Baxley also argues (Docs. 44, 45) that the Declaration of IRS Revenue Officer Ken Colt (Doc. 29, Exh. A) should be stricken as inadmissible because "Ken Colt" is a pseudonym.  This argument has previously been rejected by the courts.  See United States v. Sieloff, 2009 WL 1850197, at *3 (M.D. Fla. June 25, 2009); Buaiz v. United States, 521 F. Supp. 2d 93, 96-97 (D.D.C. 2007) (holding that taxpayer's argument that IRS Revenue Officer's certification lacked credibility because she used a "false and fictitious name" was without merit).

Baxley has failed to carry his burden to prove that the assessment was arbitrary or incorrect.  Therefore, the 1995, 1996, 1997, 1998, and 1999 tax assessments should be reduced to a judgment, the United States' motion for summary judgment should be granted, and Baxley's motion for summary judgment should be denied.

**B.  Foreclosure of United States' tax liens and sale of subject property**

The United States also requests the entry of  summary judgment to foreclose its tax lien on Baxley's property in Gainesville, Florida.  26 U.S.C. § 6321 states:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal,

belonging to such person.

26 U.S.C. § 6322 further states that the lien "shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time."  See also In re Haas, 31 F. 3d 1081, 1083 (11th Cir. 1994).  Here, Baxley held legal and equitable title to the Gainesville property on the date of assessment, August 24, 2009.  (U.S. Exh. B.)  Therefore, a tax lien attached to that property on the same date.  The notice of federal tax lien was later recorded in the Alachua County public records.  (U.S. Exh. A, at Exh. 7.)

26 U.S.C. § 7403(a) governs foreclosure of a federal tax lien, and states that:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

Baxley and his wife, Sandra Baxley, argue that the property, which they own as tenants by the entirety, is a homestead property and exempt from forced sale.  As the Court has previously explained, (Doc. 16), while homestead property may be exempt from execution by other creditors, homestead property is not exempt from execution by the IRS.  The Supreme Court has held that federal tax collection laws preempt any state-created homestead exemptions.  United States v. Rodgers, 461 U.S. 677, 701 (1983).  Thus, a delinquent taxpayer's interest in property owned as a tenant by the

entirety is not exempt from a federal lien, and a federal tax lien may be foreclosed by judicial sale of homestead property. United States v. Craft, 535 U.S. 274, 288 (2002). Furthermore, the provision of the Florida Constitution establishing the homestead exemption expressly excepts judgments for the "payment of taxes and assessments thereon" from the homestead exemption. Fla. Const. art. 10, § 4(a). As a matter of law, the United States is not precluded from foreclosing the tax liens on Baxley's home, even though the property may be owned as tenants by the entireties and may constitute homestead property.

Here, the United States has made a valid assessment, and Baxley has refused to pay the tax. Therefore, the United States' tax lien on Baxley's property at 4610 N.W. 13th Avenue should be foreclosed, the United States' motion for summary judgment should be granted, and Baxley's motion for summary judgment should be denied.

### C. Sandra Baxley's counterclaim

The United States argues that to the extent Sandra Baxley asserts a wrongful levy claim in her Answer (Doc. 6) (phrased as a "right of offset"), it is due to be dismissed because: (1) Mrs. Baxley failed to timely file a claim for wrongful levy; and (2) the United States has not waived sovereign immunity. Any such counterclaim would appear to arise out of Mrs. Baxley's sale of real property in July 2007. The property was owned by the Baxleys as joint tenants by the entirety. Mrs. Baxley deposited the entire proceeds in her personal bank account. In November 2008, the IRS assessed tax return preparer penalties against Baxley for the tax years 2000, 2001, 2002, and 2003 (unrelated to the instant action). In April 2009, the IRS levied half of the proceeds

($161,835.98) from Mrs. Baxley's personal bank account to partially satisfy the 26 U.S.C. §§ 6700 and 6701 penalties. (U.S. Exhs. A, ¶¶ 26-27 (Declaration of IRS Officer Ken Colt) and D (Response to United States of America's First Set of Interrogatories to Sandra G. Baxley).

Section 7426 of the IRS Code potentially waives the United States' sovereign immunity with respect to wrongful levy claims, but only if the action is initiated prior to the 9-month statute of limitations. 26 U.S.C. § 6532(c)(1). The statute of limitations on a wrongful levy claim against the IRS begins on the date of levy. See EC Term of Years Trust v. U.S., 550 U.S. 429, 431-32 (2007) ("The [wrongful levy] action must, however, be brought before "the expiration of 9 months from the date of the levy.") (citing 26 U.S.C. § 6532(c)(1)).

Here, the undisputed facts show that the IRS levied funds from Mrs. Baxley's personal bank account in April 2009.[2] If her Answer's allegation of offset is treated as a counterclaim for wrongful levy, it is clearly barred by the 9-month statute limitations, as the Answer was filed in April 4, 2013, approximately three years from the date of levy. (Doc. 6.) Accordingly, any wrongful levy claim arising out of the April 2009 levy is barred by the statute of limitations. Furthermore, the United States has not waived its sovereign immunity by filing the instant suit, as the instant claims by the Government relating to tax years 1995-1999 do not arise out of the same transaction or occurrence

---

[2]Mrs. Baxley's response to the United States' First Set of Interrogatories (U.S. Exh. D) indicates that the levy occurred in 2007. Whether the levy occurred in 2007 or 2009, any wrongful levy action initiated in 2013 would be well outside the 9-month statute of limitations.

*Case No: 1:13-cv-38-MCR-GRJ*

as the levy for tax preparer penalties for 2000-2003.  See United States v. Timmons, 672 F. 2d 1373, 1379-80 (11th Cir. 1982).  Therefore, the United States' motion for summary judgment is also due to be granted as to any counterclaim by Mrs. Baxley.

## IV. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1.  The United States' Motion For Summary Judgment (Doc. 39) should be **GRANTED**.

2.   Defendant Milton H. Baxley II's Motion For Summary Judgment (Doc. 43) should be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida  this 25th day of March 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**